IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,       )
                                )
                                )       CRIMINAL NO. 3:2001-10
         v.                     )
                                )
KEITH RICHARDSON,               )       JUDGE GIBSON
                                )
         Defendant.             )

# Memorandum Opinion and Order of Court

**GIBSON, J.**

Before the Court is the Defendant's one page Motion for Grand Jury Information (Document No. 30). Although the motion itself is in the form of a letter addressed to a docket clerk in the Clerk of Court's office, it does reference previous correspondence forwarded to this district's jury administrator which the Defendant termed a "motion" which "was sent out on April 16, 2003...." Defendant's Motion, p. 1. This "motion" referenced by the Defendant concerned his request for information regarding the "racial make-up of my grand-jury." Defendant's Motion, p. 1. It appears to the Court that the "motion" referenced in the present motion before the Court can be found in the Defendant's Motion to Vacate (Document No. 31). Attached to that Motion to Vacate is a copy of a letter addressed to this district's jury administrator, dated April 16, 2003, with the heading "RE: FOIA/PRIVACY ACT REQUEST". Motion to Vacate (Document No. 31), p. 30. Within this letter, the Defendant requested information pursuant to "the Freedom of Information and/or Privacy Acts, (5 U.S.C. § 552/552a et seq.)" regarding the race and gender of the prospective grand jurors and the grand

jurors who served in the period 2000 through 2002 as well as the "number of times prospective jurors were summoned by your office" *Id.* The Defendant also requested the "Jury Plan" of this district and any records regarding the "'Cross-Section' of the Community compliance with the Constitution of the United States." *Id.* The jury administrator responded to the Defendant in a letter dated March 19, 2003 stating that the Defendant's request must be in the form of a motion addressed to this Court and filed at this criminal action number. Motion to Vacate, p. 31.

It is clear that the Defendant's request for the race and gender of grand jurors was made pursuant to the Freedom of Information Act, Privacy Act, 5 U.S.C. §§ 552, 552a, respectively. However, it has been found that a grand jury is not an "agency" as that term is used under the Freedom of Information Act and the Privacy Act, but is an arm of the federal judiciary and, therefore, a grand jury is not subject to the Freedom of Information Act and the Privacy Act. *Standley v. Dept. of Justice*, 835 F.2d 216, 218 (9th Cir. 1987); 5 U.S.C. § 551(1)(B).[1] The term "agency" as referred to in the Privacy Act at 5 U.S.C. § 552a(a)(1)[2] is based upon the definition found in 5 U.S.C. § 552(f), which in turn is based upon 5 U.S.C. § 551(1)(B). Therefore, it is clear that these acts provide no basis for the information sought by the Defendant as the federal judiciary was not intended to be subject to either of

---

[1]"(1)'agency' means each authority of the government of theUnited States, whether or not it is within or subject to review by another agency, but does not include-...(B) the courts of the United States." 5 U.S.C. § 551(1)(B).

[2]This section refers the reader to 5 U.S.C. § 552(e); the language currently found in 5 U.S.C. § 552(f) could be found in 5 U.S.C. § 552(e) prior to a 1986 amendment. However, it appears that the reference in § 552a(a)(1) to § 552(e) was not updated to reflect the 1986 reassignment of the language of § 552(e) to § 552(f). § 552(f) reads: "'agency'...includes any executive department, military department, government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency.

these acts.  The Defendant's Motion is denied.[3]


AND NOW, this 3rd day of January, 2007, IT IS HEREBY ORDERED THAT the Defendant's

Motion for Grand Jury Information (Document No. 30) is DENIED.


BY THE COURT:

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

---

[3]Furthermore, the Court notes that the "cross-section of the community" language used by the Defendant derives from 28 U.S.C. § 1861 which provides in pertinent part: "It is the policy of the United States that all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. Additionally it has been codified that "[n]o citizen shall be excluded from service as a grand or petit juror in the district courts of the United States or in the Court of International Trade on account of race, color, religion, sex, national origin, or economic status." 28 U.S.C. § 1862. Finally, within the same chapter as these sections, a procedure is set forth for criminal defendants to challenge the procedure used in selecting a jury: "(a) In criminal cases, before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds therefor, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of this title in selecting the grand or petit jury." 28 U.S.C. § 1867(a).

This procedure is the exclusive means of challenging the fact that the grand jury selection procedure did not conform to the prohibition of discrimination set forth in that statute:

(e) The procedures prescribed by this section shall be the exclusive means by which a person accused of a Federal crime, the Attorney General of the United States or a party in a civil case may challenge any jury on the ground that such jury was not selected in conformity with the provisions of this title. Nothing in this section shall preclude any person or the United States from pursuing any other remedy, civil or criminal, which may be available for the vindication or enforcement of any law prohibiting discrimination on account of race, color, religion, sex, national origin or economic status in the selection of persons for service on grand or petit juries.

28 U.S.C. § 1867(e). With this exclusivity provision applicable, it appears that the Defendant's motion should have been filed pursuant to 28 U.S.C. § 1867(a). Moreover, even if the Defendant's motion was filed or considered by the Court as filed pursuant to § 1867(a), it appears that it was untimely.